UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                CASE NO.  8:16-cr-274-T-26TGW

JOSEPH WARD
_____/

**O R D E R**

Pending before the Court is Defendant's Motion to Suppress and for a *Franks* Hearing in which he seeks the suppression of evidence (presumably the firearm and ammunition which forms the basis of the one-count indictment charging him with being a felon in possession of a firearm and ammunition) seized from his residence during the course of the execution of a court authorized search warrant.  The Government has filed a memorandum opposing the motion.  For the reasons that follow, the motion is due to be denied.

Defendant argues that the affidavit supporting the issuance of the search warrant contained "false statements and omitted material facts[,]" thus entitling him to an evidentiary hearing pursuant to Franks v. Delaware, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 687 (1978).  Under Franks, however, such a hearing is required only after a defendant has alleged specific instances of deliberate falsehoods or of reckless disregard for the truth, "and those allegations must be accompanied by an offer of proof."  438 U.S.

at 171-72, 98 S.Ct. at 2684.  As explained by the Court in Franks, "[a]ffidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absences otherwise explained." Id.

In this case, although Defendant's counsel makes specific allegations of misconduct on the part of the affiant in terms of intentionally misleading the judge who issued the search warrant, he utterly fails to furnish an "offer of proof" as required by Franks in the form of affidavits or otherwise reliable witness statements.  Furthermore, the assertions of Defendant's counsel, without more, cannot be considered by the Court in making up for this deficiency.  Cf. United States v. Potes-Ramirez, 260 F.3d 1310, 1314 (11th Cir. 2001) (holding that Government did not meet its burden of demonstrating that property had been destroyed by simply making that allegation in an unverified pleading with no supporting affidavits).  Consequently, because "[t]here is no affidavit or otherwise sworn statement alleging that the [affiant] knowingly or recklessly included false statements in the search warrant affidavit . . . [Defendant] has failed to make the necessary 'substantial preliminary showing' [for a Franks hearing]."  United States v. Arbolaez, 450 F.3d 1283, 1294 (11th Cir. 2006).  He is, therefore, not entitled to an evidentiary hearing under Franks.

Moreover, as the Government persuasively points out, even if the alleged false statements are omitted and the alleged material omissions are added, the affidavit would still afford the issuing judge circumstances compelling the conclusion that there was a fair probability that contraband would be found at the residence in question.  See United

States v. Karpodelis, 569 F.3d 1291, 1310 (11th Cir. 2009) (citing and quoting Gates v. Illinois, 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983)).  Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Suppress and for a *Franks* Hearing (Dkt. 23) is **denied**.  The hearing scheduled for **Thursday, March 30, 2017, at 10:30 a.m.**, is converted to a status conference.

**DONE AND ORDERED** at Tampa, Florida, on March 28, 2017.

    s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record